No. 80-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

PATRICIA A. FRY,

Plaintiff and Appellant,

-vs-

ALFRED E. HEBLE, CAROL J. HEBLE,
FEDERAL LAND BANK OF SPOKANE,

Defendants and Respondents.

Appeal from:   District Court of the Tenth Judicial District,
In and for the County of Fergus, The Honorable
M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

D. Frank Kampfe, Red Lodge, Montana

For Respondent:

Moulton, Bellingham, Longo & Mather, Billings,
Montana
Charles F. Marris, Roundup, Montana

Submitted on Briefs: January 14, 1981

Decided: FEB 18 1981

Filed: FEB 18 1981

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff Patricia Fry appeals from a judgment of the Tenth Judicial District Court, Fergus County. Following a nonjury trial, the District Court made findings of fact and concluded that defendants Alfred and Carol Heble had not wrongfully held over on property once owned by plaintiff. The court further held that defendants owed plaintiff $1,840 equal to the agricultural rents and profits earned from the property offset by land improvements paid by defendants. The sole issue presented by this appeal is whether the District Court erred by refusing to allow plaintiff to plead and prove an unlawful detainer action against defendants. We find no error in the District Court proceedings and affirm the judgment of the court.

In 1967, plaintiff and her sister leased farmland they owned as tenants-in-common to defendants for a six-year period. In 1973, shortly before expiration of this lease, the sister conveyed her interest in the farmland to defendants. Under this conveyance, plaintiff and defendants became owners of the farm property as tenants-in-common, each vested with an undivided one-half interest in the property at the time the lease expired.

After the lease expired, defendants continued to farm the property although plaintiff did not renew the lease of her interest in the property. Plaintiff brought this action in 1974, asking the District Court to partition the property and order the defendants to make an accounting of rents and profits earned from the use of the property.

The trial of this action was delayed until 1980 and by the time of trial, only the accounting issue remained before the District Court. In 1977, the defendants purchased

-2-

plaintiff's interest in a bank foreclosure sale and became sole owners of the farm property. The plaintiff, however, attempted to amend her complaint and add an additional issue of unlawful detainer to her accounting claim. Plaintiff believed that the use of the property by defendants following the expiration of the six-year lease constituted an unlawful infringement of her former interest in the property. The court denied plaintiff's motion to add this claim by amending her complaint, concluding that the claim was inapplicable to the case in this appeal. Plaintiff contends the court erred by refusing the amendment, thereby limiting the trial to the amount of rents and profits defendants owed plaintiff for the period the property was owned by both parties as tenants-in-common.

Rule 15(a), M.R.Civ.P., provides that a party may amend his complaint three years after the filing of the original complaint ". . . only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . ." This rule allows for liberal amendment of pleadings, but does not mean that amendments should be allowed in all instances. See, 6 Wright and Miller, Federal Practice and Procedure § 1487, at 427. Amendments to pleadings requiring leave of court shall be disallowed where the theory presented by the amendment is totally inapplicable to the case. McGuire v. Nelson (1973), 162 Mont. 37, 508 P.2d 558.

In the instant case, a claim of unlawful detainer by one cotenant against another cotenant cannot be maintained, and an amendment to include such a claim in a complaint is properly denied by the court. A tenant-in-common is an

-3-

owner of an undivided interest in property.  Section 70-1-306, MCA.  A claim of unlawful detainer may only be asserted against a tenant for a term less than life.  Section 70-27-108, MCA.

A tenant-in-common may bring a damage action against a cotenant-in-common for waste, but not for unpermitted use of the property.  Section 70-16-106, MCA.  By positive statutory authority, a cotenant-in-common is allowed to possess and use the entire commonly-held property.  Section 70-1-311 (also codified as section 70-19-202, MCA.)

The District Court correctly denied the unlawful detainer pleading amendment and properly restricted the issues for trial to an action for an accounting.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

This cause was submitted prior to January 7, 1981.

-4-