No. 90-084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LINDEY'S, INC., a Minnesota
Corporation,

        Plaintiff and Appellant,

vs.

PROFESSIONAL CONSULTANTS, INC.,
a Montana Corporation, DAVID
SCHURIAN, and the ESTATE OF
WILLIAM C. FORREST, Deceased,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Paul Neal Cooley, Skelton & Cooley, Missoula,
Montana

        For Respondents:

            John Tabaracci, Sullivan & Baldassin, Missoula,
Montana
Jerome T. Loendorf, Harrison, Loendorf & Poston,
Helena, Montana

Submitted on Briefs: June 20, 1990

Decided: August 23, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

The Fourth Judicial District Court in Missoula County denied plaintiff Lindey's Incorporated's motions to file second and third amended complaints and granted summary judgment in favor of defendant Estate of Forrest. Lindey's, Inc. now appeals the District Court's decision. We affirm.

Two issues are presented for review:

1. Did the District Court err in denying Lindey's various motions to amend, to add experts, and to lengthen discovery schedules?

2. Did the District Court err in determining that Lindey's breach of warranty claim against the Estate of Forrest is barred by § 28-2-904, MCA?

In the late 1970's, Lindey's Inc. (Lindey's) was looking for property in Montana in order to open a restaurant. Lewis W. Lindemer is the sole stockholder and president of Lindey's. Lindemer was president and a member of the board of directors of Lindey's in 1978 when the corporation bought lots 1 and 3 of Seeley Lake Shore Sites from William C. Forrest. At closing for the sale of lots 1 and 3, at Lindemer's request, Forrest gave Lindemer a letter stating that he would employ a surveyor to have the property restaked according to the plat on file in Missoula County.

On the day of closing, the realtor called defendant Professional Consultants, Inc. (PCI) and arranged for a survey of the property. Defendant David Schurian, an employee and shareholder of PCI, performed the survey including a survey of the common boundary lines between lots 1 and 2.

Over the years, a dispute developed between Lindey's and its neighbor, Pat Goodover, concerning the common boundary between lots 1 an 2. Various surveys of the boundary were conducted. Finally, in 1984 Goodover filed suit against Lindey's and the Estate of Forrest and a trial was held in 1987. The trial resulted in PCI's survey being adjudged incorrect. On appeal the trial court was affirmed in Goodover v. Lindey's, Inc. (1988), 232 Mont. 302, 757 P.2d 1290. On October 25, 1988, Lindey's filed a complaint against Schurian and PCI for negligent surveying and breach of warranty and against the Estate of Forrest for breach of warranty. Lindey's claims that Forrest represented to Lindey's that the boundaries of lots 1 and 3 extend along certain general lines and that Forrest either actually or impliedly warranted that the actual lot lines would be in accordance with the survey. Lindey's asserts that Schurian and PCI, acting as agents of Forrest, made a negligent survey and, based on this survey, Lindey's made improvements within the described boundaries. Lindey's further asserts that it is entitled to damages resulting from the loss of value of improvements made and required to be removed by the judgment in Goodover v. Lindey's, the costs and damages awarded by the judgment, attorney's fees in defending and appealing the judgment, the costs of prosecuting this action and loss of the value of land not purchased.

On February 10, 1989, all parties to this action stipulated and agreed to deadlines for various activities, pursuant to Rule 16(b), M.R.Civ.P. The trial court ordered that the stipulation

would govern the proceedings. The stipulation provided that all amendments to pleadings must be filed by July 1, 1989.

Lindey's filed its initial motion to amend on April 27, 1989. With none of the defendants opposing the motion, the trial court set a hearing on the matter for June 15, 1989. The June 15 hearing was continued without date. Therefore, it was not until the pretrial conference of August 8, 1989 that the trial court heard Lindey's first motion to amend. Since three months had passed from the time of filing at the pretrial conference, all defendants now opposed the motion as not being timely. At the pretrial conference the District Court ordered Lindey's to file the first amended complaint and required Lindey's to provide the court with a written order allowing the filing of the first amended complaint by August 17, 1989. Because Lindey's failed to provide the court with such order, the court, on August 23, 1989, issued another order denying Lindey's motion to file the first amended complaint.

Undaunted, Lindey's filed motions to file a second and third amended complaint. The second amended complaint is dated August 22, 1989 and the third amended complaint is dated August 29, 1989. Lindey's did not withdraw its previous motion before attempting to file its third amended complaint, thus forcing defendants to oppose both motions to amend. On August 29, 1989 Lindey's also filed a motion to extend the trial schedule in order to allow Lindey's more time to add and name expert witnesses, file amendments to the complaint, and complete discovery. The Estate of Forrest had filed a motion for summary judgment on August 10, 1989. PCI and Schurian

4

filed a motion for summary judgment on September 29, 1989.

Following hearings on both motions for summary judgment, both motions to amend, and the motion to modify the scheduling order, the District Court issued its opinion and order. The court granted defendant Estate of Forrest's motion for summary judgment on the basis that the Estate of Forrest is not vicariously liable for the negligence of an independent contractor and Lindey's claim for breach of warranty is barred by § 28-2-904, MCA. The court denied the motion of defendants PCI and Schurian for summary judgment, finding that a genuine issue of material fact remained relating to the date of discovery by Lindey's of its cause of action. The District Court denied all three of Lindey's motions, stating "The [District] Court does not find good cause required by Mont. R. Civ. P. [16](b) to modify the Scheduling Order, nor does the Court find that justice requires amendment in this case as required by Mont. R. Civ. P. 15(a)." Lindey's now appeals the District Court's decision denying its motions to amend the complaint and modify the scheduling order and granting Estate of Forrest's motion for summary judgment.

Issue 1: Motions to amend, add experts, and lengthen discovery schedules

The District Court summarily disposed of all Lindey's motions. Regarding the motion to amend, the court stated only that justice does not require the amendments be allowed under Rule 15(a) of M.R.Civ.P. Of the motion to modify the scheduling order to allow experts to be added and discovery lengthened, the court noted there was no good cause to grant the motion as required by Rule 16(b),

5

M.R.Civ.P.

Lindey's contends that, although it failed to meet time requirements imposed by the District Court, its amendment to add experts, extend discovery and amend pleadings should be granted in the interest of justice in the absence of substantial prejudice to the other parties. Rule 15(a), M.R.Civ.P., covering amendments reads in pertinent part as follows:

> [A] party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The decision to grant or deny a motion to amend lies within the discretion of the trial court. Foman v. Davis (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226. The District Court's decision will be reversed only for an abuse of discretion. Roberts v. Arizona Bd. of Regents (9th Cir. 1982), 661 F.2d 796, 798; Mende v. Dun & Bradstreet, Inc. (9th Cir. 1982), 670 F.2d 129, 131.

As this Court has previously noted, Rule 15(a), M.R.Civ.P., provides for liberal amendment of pleadings but does not require amendments to be allowed in all instances. Fry v. Heble (1981), 191 Mont. 272, 274, 623 P.2d 963, 964. While the rule favors allowing amendments, a trial court is justified in denying a motion for an apparent reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." Foman at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226.

6

See also Lien v. Murphy Corp. (1982), 210 Mont. 488, 491, 656 P.2d 804, 806, and Sooy v. Petrolane Steel Gas, Inc. (1985), 218 Mont. 418, 421, 708 P.2d 1014, 1016.

The party seeking to overturn the trial court's decision must demonstrate that an abuse of discretion occurred. Izaak Walton League of America v. St. Clair (8th Cir. 1974), 497 F.2d 849, 854. In this case, Lindey's has failed to show that the trial court abused its discretion in failing to allow second and third amended complaints. Almost two months after the deadline for amending pleadings, the trial court, in accordance with Rule 15(a), M.R.Civ.P., granted Lindey's first motion to file an amended complaint. When Lindey's failed to file the amended complaint within the extended time granted, the trial court was well within its discretion in not granting Lindey's motions to file second and third amended complaints. Had the trial court granted Lindey's motion, all defendants would have been substantially prejudiced and the trial unduly delayed. Granting the amendments would have required additional discovery and time to determine the sufficiency of the claims alleged in the amended complaints, all costing the defendants additional time, energy and money to resolve the case.

Lindey's contends that the trial court erred in denying its motion to extend discovery and add experts. The time allowed for discovery and listing expert witnesses was set out in the February 10, 1989 stipulation which the court ordered would govern the proceedings. Rule 16(b), M.R.Civ.P., provides that "A schedule shall not be modified except by leave of the judge upon a showing

of good cause."

Lindey's maintains that extension of deadlines is necessary in order to add experts and do further discovery. Lindey's learned on June 21, 1989 at the deposition of its expert witness, that the expert it had retained did not agree with its allegation of professional negligence and would not provide expert testimony. As set out in the scheduling order, deadline for identifying expert witnesses was June 1, 1989, but Lindey's did not move for an extension until August 29, 1989, even though it knew two months earlier that the expert it had retained did not agree with its position on professional negligence.

Clearly, Lindey's failed to meet the threshold showing of good cause. Lindey's motion was not timely and appears to be the result of Lindey's procrastination and failure to act diligently. The District Court did not err in finding there was not good cause to amend the scheduling order. This Court will not disturb the District Court's finding on appeal.

Issue 2: Summary Judgment

The District Court granted Estate of Forrest's motion for summary judgment on the basis that the Estate is not vicariously liable for the negligence of the surveyor defendants, and that the breach of warranty claim is barred by § 28-2-904, MCA. Lindey's does not dispute that part of the District Court's decision finding the Estate of Forrest was not vicariously liable for the acts of its independent contractor, the surveyors. However, Lindey's contends the District Court erred in granting summary judgment on

8

the breach of warranty claim.

Summary judgment was properly granted pursuant to Rule 56(c), M.R.Civ.P., which states that where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. The party requesting summary judgment has the burden of demonstrating that no issues of material fact exist, and, once this burden is met, the responding party assumes the burden to show that there are material facts which will require trial. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510-11. If no material facts are at issue, the district court is then able to determine whether the moving party is entitled to judgment as a matter of law. Id.

Lindey's complaint alleges that "Defendant warranted that the actual lot lines would be in accordance with the survey" and that the Estate of Forrest breached this warranty.

The District Court found Lindey's breach of warranty claims are barred by § 28-2-904, MCA, which provides:

> **28-2-904.** **Effect of written contract on oral agreements.** The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

Lindey's and Forrest executed a written contract for the purchase of lots 1 and 3 of Seeley Lake Shore Sites. Contemporaneously with the contract, Forrest, at Lindemer's request, wrote the following letter:

9

October 19, 1978

Lindey's, Inc.
3610 North Snelling Avenue
St. Paul, Minnesota 55112

Gentlemen:

The undersigned, William C. Forrest, agrees that, having sold you Lots 1 and 3 of Seeley Lake Shore Sites at Seeley Lake in Missoula County, Montana, he will employ a surveyor to have the property restaked according to the plat on file in Missoula County; that the stakes should be set at all corners shown on the plat; and that the undersigned will pay the surveyor.

Very truly yours,

s/ William C. Forrest

William C. Forrest

WCF/sbs

As the District Court noted, review of these two written documents (the contract and the letter) reveals no warranty by Forrest of the survey or that the lot lines would be in accordance with the survey. Since the alleged warranties were not included in the written instruments constituting the contract between the parties, they were superseded by the written documents pursuant to § 28-2-904, MCA.

This is consistent with our previous holding in Hosch v. Howe, where we quoted with approval Wigmore on Evidence:

The chief and most satisfactory index is found in the circumstance whether or not the particular element of the alleged extrinsic negotiations is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing presumably the writing was meant to represent all the transactions on that element.

Hosch v. Howe (1932), 92 Mont. 405, 410-11, 16 P.2d 699, 700. See also Aye v. Fix (1978), 176 Mont. 474, 580 P.2d 97; Merritt v.

10

Merritt (1974), 165 Mont. 172, 526 P.2d 1375; Heckman and Shell v. Wilson (1971), 158 Mont. 47, 487 P.2d 1141.

Here, the survey was dealt with in the writing. Since the survey was mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all the transactions on that element. Neither the contract nor the October 19 letter from Forrest to Lindey's contains a warranty regarding the survey of the boundary line. We affirm the District Court's finding that the warranty claim is barred by § 28-2-904, MCA.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

11