No. 90-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SABRINA SIMMONS,

       Petitioner and Respondent,

  v.

MOUNTAIN BELL and MONTANA
HUMAN RIGHTS COMMISSION,

       Respondents and Appellants.

'90 OCT 2 AM 10 50
ED SMITH CLERK
MONTANA SUPREME COURT
FILED

APPEAL FROM:  District Court of the First Judicial District,
           In and for the County of Lewis and Clark,
           The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David M. Russoff, Esq., Montana Human Rights Commission, Helena, Montana

        John F. Sullivan, Esq., Hughes, Kellner, Sullivan & Alke, Helena, Montana

    For Respondent:

        J. C. Weingartner, Esq., Helena, Montana

                Submitted on Briefs:  August 23, 1990

                        Decided:  October 2, 1990

Filed:

_____
           Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Mountain Bell and Montana Human Rights Commission appeal the decision made by the First Judicial District Court, Lewis and Clark County, which held that the 180-day statute of limitations under § 49-2-501, MCA, did not apply to an amended complaint filed by Sabrina Simmons alleging retaliatory employment termination against Mountain Bell. The amended complaint, which was filed after the expiration of the 180-day statute of limitations, asserted that Mountain Bell terminated Simmons' employment in retaliation for her original filing of an employment discrimination action. The District Court held that Rule 15(c) of the Montana Rules of Civil Procedure applied, and the filing of the amended complaint related back to the time of the filing of the employment discrimination action. We affirm.

The appellants raise the following issue:

Does an amended complaint, asserting retaliatory employment termination and filed after the expiration of the statute of limitations, relate back to the original filing of an employment discrimination claim under Rule 15(c) of the Montana Rules of Civil Procedure?

Sabrina Simmons began her employment with Mountain Bell as an operator in the operator services division in 1977. In October, 1980, Mountain Bell promoted Simmons to service order clerk in the customer services division. On November 14, 1980, Simmons

sustained a chipped vertebrae as a result of an off-the-job injury, whereby she took a temporary leave from her employment.

When Simmons returned to her employment on December 9, 1980, Mountain Bell notified her that she was being "retreated" from customer services back to operator services effective January 4, 1981, "because of unsatisfactory work performance resulting from her absenteeism." On January 21, 1981, Simmons filed a complaint against Mountain Bell with the Montana Human Rights Commission (HRC) alleging that her transfer back to operator services was employment discrimination based on her physical handicap of a chipped vertebrae, pursuant to § 49-2-303, MCA.

On June 10, 1981, Mountain Bell terminated Simmons from her employment for insubordination. On January 19, 1982, Simmons filed an amended complaint with HRC, which alleged that Mountain Bell terminated her employment in retaliation for her original filing of the employment discrimination action.

The charge of employment discrimination was dismissed by HRC on December 7, 1982. Simmons did not pursue further action on this charge. However, an administrative hearing was conducted by HRC on January 24-26, 1984, to determine the charge of retaliatory termination. On August 13, 1984, a hearing examiner held that Simmons' retaliatory termination charge was barred because it was not filed within the 180-day statute of limitations under § 49-2-501, MCA.

3

Simmons appealed the hearing examiner's decision to HRC. Following briefing and argument, HRC issued its final decision on August 8, 1986, which affirmed the hearing examiner's decision. Simmons, on June 18, 1986, filed a petition for judicial review of the HRC decision.

On February 6, 1987, pursuant to a stipulation signed by all parties, the District Court remanded the case to HRC for the taking of additional evidence and for reconsideration. On January 19, 1988, following additional discovery, briefing, and argument, HRC issued a second decision, which concluded that Simmons' retaliatory termination claim was barred by the 180-day statute of limitations under § 49-2-501, MCA.

Thereafter, Simmons' petition for judicial review was briefed and argued before the District Court. On November 20, 1989, the District Court remanded the case for a second time to HRC with instructions to allow Simmons' retaliatory termination claim because its filing related back to the original filing of the employment discrimination action under Rule 15(c) of the Montana Rules of Civil Procedure, and therefore the 180-day statute of limitations, under § 49-2-501, MCA, did not apply. From this decision Mountain Bell and HRC appeal.

Does an amended complaint asserting retaliatory employment termination and filed after the expiration of the statute of limitations, relate back to the original filing of an employment

discrimination claim under Rule 15(c) of the Montana Rules of Civil Procedure?

Under § 49-2-501, MCA, a complaint alleging employment discrimination must be filed with HRC, "within 180 days after the alleged unlawful discriminatory practice occurred or was discovered." Here, Simmons filed her employment discrimination action with HRC on January 21, 1981, well within 180 days of the time of Mountain Bell's December 9, 1980, transfer notification to Simmons. Simmons, however, filed her amended complaint alleging retaliatory termination on January 19, 1982, which was not within 180 days of her June 10, 1981, termination. Mountain Bell argued that Simmons, in essence, filed two separate claims: the employment discrimination claim on January 21, 1981, and the retaliatory termination claim on January 19, 1982, and the latter claim is barred by the 180-day statute of limitations under § 49-2-501, MCA.

HRC agreed with Mountain Bell and concluded that Simmons' amended complaint alleging retaliatory termination was barred by the 180-day statute of limitations. The District Court, however, held that HRC abused its discretion in Conclusion 3 of HRC's findings and conclusions:

> While the agency may have made a procedural error in permitting or making an amendment to the original charge to allege retaliation, the error was harmless and not to the charging party's disadvantage because the error did not occur until it was too late to file an original charge.

In an opinion and order dated November 20, 1989, the District Court held that "Conclusion 3 incorrectly infers that amending the original charge to allege retaliation was procedural error," and that HRC's findings and conclusions never explained why it was procedural error to permit the amendment. The District Court held that barring the amendment was not harmless and did disadvantage Simmons as she was denied the opportunity to have her retaliatory termination claim heard. Furthermore, the District Court held that Simmons' amended complaint related back to the original filing of the employment discrimination action under Rule 15(c) of the Montana Rules of Civil Procedure.

We agree with the District Court. Rule 15(c) of the Montana Rules of Civil Procedure provides, in part:

> Whenever the claim or defense asserted in the amended pleading <u>arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading</u>, the amendment relates back to the date of the original pleading (emphasis added).

Here, Simmons' retaliatory termination charge arose out of the same transaction that was set forth in Simmons' employment discrimination claim. In her amended complaint, Simmons' alleged that she was terminated by Mountain Bell as a result of filing the employment discrimination action. Thus, the retaliatory termination charge was merely an additional charge to the original employment discrimination action. "[A]n amendment which changes only the legal theory of the action, or adds another claim arising out of the same

6

transaction or occurrence, will relate back." (citing 3 Moore's Federal Practice 2d. § 15.15(3), p. 1021). Rozan v. Rosen (1967), 150 Mont. 121, 125, 431 P.2d 870, 872. We therefore hold that Simmons' amended complaint alleging retaliatory termination and filed after the expiration of the 180-day statute of limitations relates back to her original filing of an employment discrimination action under Rule 15(c) of the Montana Rules of Civil Procedure.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7