JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the Fourth Judicial District, County of Missoula, the Honorable John S. Henson presiding. Appellant Michael Gursky (Gursky) appeals a series of District Court orders denying his request to amend his complaint and add four defendants not named in his original complaint. We affirm.
Gursky was injured on January 4, 1989, when he attempted to enter the Parkside Professional Village building in Missoula, Montana, using a metal walker. The sliding glass door at the entrance of the building opened as he approached, but it closed before he could get through the opening. As it closed, the door struck Gursky’s walker and he fell backward onto the sidewalk, breaking his right hip.
At the time of the accident Gursky, then age 71, was on his way to an appointment with an ophthalmologist whose office was in the Park-side Professional Village building. He was using a walker because a stroke had weakened his right arm and leg in 1986. His wife and granddaughter drove him to the building from his home in Philipsburg, Montana, and were accompanying him to his appointment.
The two women entered the building just ahead of Gursky. They looked back when he fell, but neither of them saw him fall. Both testified in depositions that when they looked back the door was open and not moving.
Gursky filed a complaint in September 1989, naming Parkside Professional Village (Parkside) as defendant and seeking $500,000 in damages for medical expenses, lost ability to work, disability, pain and suffering. He testified at his pretrial deposition that he had been unable to walk since the accident and was confined to a wheel chair. *150 At the time of the trial in January 1992 he was in the hospital and unable to participate.
Gursky alleged in his complaint that Parkside had breached its duty to maintain the door to the building in a condition suitable for its intended purpose; that the door was in an unreasonably dangerous defective condition; and that Gursky’s injuries were proximately caused by this breach of duty and the defective condition of the door.
In its answer, Parkside denied all of Gursky’s allegations. Among its affirmative defenses it alleged that the accident was caused by negligence, fault, strict liability, or breach of warranty on the part of others, including the manufacturer of the door, the general contractor responsible for remodelling the building, the vendor-installer, who also was responsible for maintenance, and the architect who designed the remodelling project.
The District Court set the pre-trial conference for February 20, 1990, and issued a scheduling order. The order required the parties to join other parties and file amended pleadings by June 1,1990, and to file all pre-trial motions by December 15, 1990.
In September 1990, Gursky’s attorney moved to extend this schedule. In his supporting affidavit he testified that during the summer he had twice undergone heart surgery and that he needed additional time to amend the pleadings, join other parties, and line up expert witnesses. He also stated that he had submitted a settlement offer to Parkside “some months ago” and had waited for a counteroffer before incurring additional costs in behalf of Gursky, whom he described as “essentially indigent.”
Parkside opposed the extension on the grounds that it would delay resolution of this matter and increase the cost of defense. Nevertheless, the court granted Gursky’s motion on December 18,1990, stating in its opinion and order that “the interests of justice” would be served by extending the times set in its previous scheduling order. In its revised scheduling order the court required that all parties be joined and all amended pleadings be filed by January 20,1991, and that all pretrial motions be filed by March 15,1991.
On January 9,1991, eleven days before the new deadline expired, Gursky filed an amended complaint adding the following defendants: Besam, Inc., the manufacturer of the door; Tandberg Construction, the contractor for the remodelling project; City Glass, the vendor-installer-maintainer; and Eric Hefty, the architect who designed the remodelling project. All of these entities were named in Parkside’s answer to the original complaint.
*151 Parkside moved on March 12, 1991, to strike the amended complaint on the grounds that Gursky was required to obtain leave of court, or Parkside’s written consent, before filing an amended complaint, and he had failed to do so. Gursky immediately filed a motion to add additional defendants and to vacate the revised scheduling order. The District Court heard this motion on May 28, 1991.
At the May 28 hearing, Gursky’s attorney stated that he had interpreted the court’s revised scheduling order of December 18, 1990 as permission to join additional defendants. Parkside’s attorney objected to further extensions, pointing out that under the Comb’s revised scheduling order, Gursky had thirteen months to join additional defendants and conduct discovery. Judge Henson denied Gursky’s motion to add defendants and amend the complaint, commenting that “increasingly in the past six months, people are stipulating to revised scheduling orders, and so forth. And, once again, it seems that the attorneys are controlling the court’s calendar.”
On June 4, 1991, the District Court granted Parkside’s motion to strike Gursky’s amended complaint, based on two grounds: (1) under Rule 15(a), M.R.Civ.P., Gursky could amend his complaint only with the court’s permission or written consent of the other party, and Gursky had neither; and (2) under Uniform District Court Rule 2, Gursky was required to file an answer to Parkside’s motion to strike the amended complaint but had not done so.
Gursky appealed the District Court’s order of June 4, but on August 13,1991, this Court granted Parkside’s motion to dismiss the appeal. In September 1991, the District Court ruled on the motion for summary judgment that Parkside had filed in December 1990, granting summary judgment with respect to all theories of liability except negligence. Gursky then filed a new complaint, on November 15, 1991, naming Besam, Inc., City Glass, and Tandberg Construction as defendants.
A jury trial was held on the issue of Parkside’s negligence on January 2, 1992. After six days of testimony, the jury found that Parkside was not negligent. Gursky moved for a new trial, alleging as errors the court’s refusal to allow joinder of all defendants and its refusal to instruct the jury that absent parties could not be blamed for Gursky’s injuries. The District Court denied this motion on March 6, 1992, and Gursky appealed.
The only issue on appeal is whether the District Court abused its discretion in not allowing Gursky to join additional defendants. *152 Gursky requests that we remand the case to the District Court for a new trial and that he be allowed to join the additional defendants.
The decision to grant or deny a motion to amend a pleading lies within the discretion of the district court, and we will reverse its decision only for an abuse of that discretion. Lindeys, Inc. v. Professional Consultants (1990), 244 Mont. 238, 797 P.2d 920. In certain cases we have concluded that the district court abused its discretion in denying a party leave to amend a pleading, because the court offered no valid reason for denying leave. See Hobble-Diamond Cattle Co. v. Triangle Irrigation Co. (1991), 249 Mont. 322, 815 P.2d 1153; Priest v. Taylor (1987), 227 Mont. 370, 740 P.2d 648; White v. Lobdell (1984), 208 Mont. 295, 678 P.2d 637. “[Ojutright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.” White, 678 P.2d at 642 (quoting Foman v. Davis (1962), 371 U.S. 178, 181-82, 83 S.Ct. 227, 229-30, 9 L.Ed.2d 222, 226).
Here, however, the District Court had a valid reason for denying leave to amend the complaint, though this was expressed in its order granting Parkside’s motion to strike the amended complaint and not in its order denying leave to amend. Under Rule 2, Uniform District Court Rules, failure to file an answer to a motion within ten days “shall be deemed an admission that the motion is well taken.” Gursky failed to answer Parkside’s motion to strike his amended complaint; therefore, the District Court had the authority to grant the motion and did not abuse its discretion in so doing.
The District Court accommodated Gursky by extending the time in which he could amend his complaint, despite Parkside’s objections. Having granted that extension, the court did not abuse its discretion in denying further extensions.
AFFIRMED.
JUSTICES GRAY, McDONOUGH and WEBER concur.