No.  94-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

HAMILTON G. KENNER and ERNO, INC
a Delaware Corporation,

     Appellant & Plaintiff,

  v.

LARRY W. MORAN,

     Respondent & Defendant.

FILED

DEC 19 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Hamilton G.  Kenner,  The  Tipler  Law  Offices,
Andalusia,  Alabama

     For Respondent:

        Michael P. Sand, Sand Law Offices, Bozeman, Montana


Submitted on Briefs:  July 13, 1995

Decided:  December 19, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Plaintiff and appellant, Hamilton G. Kenner, appeals the denial of his motion for leave to file an amendment to his complaint in the Fifth Judicial District Court of Madison County.

We affirm.

<u>ISSUE</u>

Did the District Court abuse its discretion in refusing to allow the appellant to amend his complaint?

<u>FACTS</u>

In October 1980, Larry Moran (Moran) and Central States Investment Company (CSI) entered an Agreement for Sale and Purchase of property in Madison County. Hamilton G. Kenner (Kenner), signed on as a guarantor of performance on behalf of CSI. Kenner and CSI made payments up until November 1, 1984, at which time Kenner defaulted. In January 1985, Moran and Kenner entered into a modification of the agreement that would permit Kenner to cure the default.

In June 1985, Kenner requested a release of 280 acres of river front property in consideration of payments already made on the contract. Kenner represented at the time that all of the

2

property taxes and lease payments to the Bureau of **Land Management** were current and would continue to be made in a timely fashion along with future contract payments. On this representation, Moran quit claimed the river front property to Kenner as a partial release on July 2, 1985.

Again Kenner defaulted on payments. A provision in the Modified Sale and Purchase agreement provided that releases of acreage were conditional upon Kenner's remaining current on all principal and interest due. Because Kenner failed to remain current, Moran instituted an action to quiet title to the property.

In December 1986, Kenner filed a motion to dismiss. At the time, Kenner was granted twenty days in which to plead further. However, before the twenty days expired, Kenner requested Moran take a default against other defendants associated to the property to clear the title, so the parties could negotiate a settlement agreement. In June 1987, Moran offered Kenner a settlement agreement which would allow Kenner to reinstate their contract.

In a letter sent to Moran by Kenner's attorney, Kenner accepted the terms of the settlement proposal contingent on the defaults being taken against the other defendants. Relying on Kenner's acceptance of the settlement agreement and his promise to remain current on annual payments, Moran quieted title against the other defendants. On August 4, 1987, Moran's counsel sent a copy of the quiet-title decree to all of the defendants but Kenner.

In October 1987, Moran sent a letter to Kenner's attorney requesting action on the settlement contract, and gave "informal

notice" that no further delay would be tolerated. This was followed by another letter in January 1988, requesting Kenner act on the settlement agreement within thirty days or Moran would proceed with the quiet-title action against Kenner. In May 1988, Moran served notice on Kenner's attorney to depose Kenner, but the notice was ignored. On March 7, 1989, Moran sent notice that if Kenner did not take action on the settlement agreement within ten days, Moran would proceed with the quiet title.

Kenner's attorney then informed Moran that he had been unable to proceed because he had been unable to communicate with Kenner. Moran again began proceedings against Kenner to quiet title to the property. On February 9, 1990, the Clerk of Court, at Moran's request, entered a default judgment quieting title against Kenner for failure to "plead or otherwise defend." No formal notice was served on Kenner or his attorney of record prior to the application for the default or after its entry. All of the above legal action took place under District Court cause no. 7603.

In July of 1991, Kenner and ERNO Co. entered into a buy-sell agreement for a portion of the property that is the subject of this dispute. At this time Kenner discovered the default judgment against him and filed an action to set it aside. In this action, cause no. 8115, Kenner requested that the default be set aside and that he be allowed to further plead and defend in cause no. 7603.

Kenner moved the court for summary judgment in January 1993, and a hearing on the matter was set for February. On the day of the hearing Moran filed a counterclaim in cause no. 8115, asking

4

the court to compel Kenner to specifically perform the settlement agreement. The District Court denied Kenner's motion for summary judgment, finding he had failed to meet his burden of proof. The order then required Kenner to specifically perform the settlement agreement he had entered into with Moran in July 1987.

Kenner appealed this decision and we reversed. We held that Kenner had not received appropriate notice of Moran's intent to enter a default against him, and that he had not been provided opportunity to defend on Moran's counterclaim regarding specific performance. Therefore, the default judgment entered against Kenner in the quiet-title action, cause no. 7603, was set aside. Kenner v. Moran (1994), 263 Mont. 368, 868 P.2d 620.

After our decision the only viable issue remaining in cause no. 8115 was Moran's counterclaim, which we remanded. Moran subsequently dismissed his counterclaim on the ground that all of the issues raised in it were more appropriately addressed in cause no. 7603, which had been revived when the default judgment against Kenner was set aside. Moran then amended his original complaint in cause no. 7603.

Kenner answered Moran's amended complaint on August 15, 1994. Kenner then filed a motion to permit an amendment to his original complaint filed in cause no. 8115. The District Court heard oral argument and denied the motion in October 1994. Kenner appeals.

<u>ISSUE</u>

Did the District Court abuse its discretion in refusing to allow the appellant to amend his complaint?

5

The standard of review when considering a district court denial of a motion to amend a pleading is whether the district court abused its discretion. *Gursky v. Parkside Professional Village* (1993), 258 Mont. 148, 152, 852 P.2d 569, 571.

A party may amend his or her pleading "only by leave of the court" or if the opposing side gives written consent. Rule 15(a) Amendments reads as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, which ever period may be the longer, unless the court otherwise orders.

Kenner in this case wishes to amend his complaint to include additional allegations of fraud, a request for punitive damages and a demand for a jury trial.

The dispositive issue in this procedural quagmire is that cause no. 8115 is closed. As the District Court found, all matters contained in cause no. 8115 have been adjudicated. The default judgment has been set aside pursuant to remand by this Court in cause no. 8115 and Kenner was given the opportunity to further plead in cause no. 7603. Accordingly, the order issued by the District Court declared cause no. 8115 closed.

If Kenner wished to raise allegations of fraud against Moran, he should have done so in his answer to Moran's amended complaint

6

in cause no. 7603. Neither Kenner's answer on August 15, 1994, nor his amended answer of October 3, 1994, allege fraud as a defense. The court recognizes the importance of allowing parties the opportunity to amend pleadings but the court must also recognize that equal attention should be given to the proposition that there must be an end finally to a particular litigation. Stanford v. Rosebud County (1992), 254 Mont. 474, 476, 839 P.2d 93, 95-96.

The District Court pointed out to the parties that trial in cause no. 7603 was imminent. Kenner filed his motion to amend his original complaint in August 1994, with trial scheduled for October 20, 1994. Up to this point, there had been several opportunities for Kenner to amend his answer in cause no. 7603 to conform with fraud allegations. Instead, when Kenner did move to amend, he sought to amend his complaint, and failed to provide the court with any explanation or basis for the filing of his proposed amended complaint.

We hold the District Court did not abuse its discretion when it denied Kenner's motion to amend his complaint.

Affirmed

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices