JUSTICE COTTER
dissents.
¶34 I dissent from the Court’s decision to reverse the order denying the Conservation Groups’ motion for leave to amend their affidavit. In this connection, I dissent from the Court’s sua sponte decision to modify the standard of review applicable to orders entered pursuant to M. R. Civ. P. 15(c). I would continue to adhere to our precedent that orders granting or denying leave to amend pleadings should be reviewed for an abuse of discretion.
¶35 The Conservation Groups presented their appeal in these words: “The sole issue on this appeal is whether the BER abused its discretion by denying leave to amend on the grounds that the Conservation Groups’ proposed ‘major source’ claim did not arise out of the same ‘conduct, transaction, or occurrence’ as the original Affidavit.” The Conservation Groups stated that a decision to deny leave to amend pursuant to M. R. Civ. P. 15(c) is reviewed for abuse of discretion, citing Priest v. Taylor, 227 Mont. 370, 740 P.2d 653 (1987).
¶36 In its response brief, DEQ cited our recent decision in Farmers *74 Coop. Assn. v. Amsden, LLC, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690, for the proposition that, under Rule 15, we review a decision denying leave to amend under the abuse of discretion standard. In its brief, Intervenor TRP similarly argued that the grant or denial of a motion to amend pleadings under Rule 15 is within the discretion of the reviewing court, and is reversible only for an abuse of discretion. Thus, all three parties to this case agree that our review of the hearing examiner’s decision to deny the motion for leave to amend the affidavit should be for an abuse of discretion. Notwithstanding this rare uniformity of agreement among all parties, the Court has seen fit to sua sponte select a different and new standard of review with respect to motions to amend pleadings, which decision in turn drives the decision to reverse.
¶37 At ¶ 13, footnote 2 of the Opinion, the Court engages in a somewhat lengthy analysis of what should be the standard of review under Rule 15(c), noting that few of our opinions discuss the appropriate standard of review with respect to this subpart of the Rule. This is where the Court goes off the tracks. The Court errs in conducting the Rule 15(c) analysis without first addressing, under Rule 15(a), the propriety of the hearing examiner’s decision to deny the amendment in the first instance. This approach ignores the threshold inquiry which invokes the hearing examiner’s discretion.
¶38 Rule 15(a) addresses the circumstances under which a party may amend its pleadings. Once a requisite amount of time has passed, the rule provides that a party’s pleading may be amended only by “leave of court or by written consent of the adverse party,” and that “leave shall be freely given when justice so requires.” The remaining subsections of the rule address “amendments to conform to the evidence,” “relation back of amendments,” and “supplemental pleadings.” Of particular interest here is Rule 15(c), which provides generally that whenever a claim or defense asserted in an amended pleading arises out of the “conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.” This subsection of the rule requires a relation-back inquiry under those circumstances in which the amended pleading would otherwise be too late in time; it does not, however, displace the general rule set forth in Rule 15(a) that leave of court must be obtained for amendment of a pleading in the first instance. It is the “leave of court” which calls for an exercise of the district court’s discretion, or in this case the discretion of the hearing examiner. If the court grants leave to amend, then, in cases calling for *75 the determination, the next inquiry is whether the amendment already allowed relates back to the date of the original pleading.
¶39 I now turn to the precedent which the Court’s decision seemingly overrules. In Lindey’s v. Professional Consultants, Inc., 244 Mont. 238, 797 P.2d 920 (1990), cited by TRP, the plaintiff sought leave to amend its complaint after the scheduling order deadline had expired. The district court denied the motion, and on appeal, we affirmed. Citing multiple cases, we said that the decision to grant or deny a motion to amend lies within the discretion of the trial court. Lindey’s, 244 Mont. at 242, 797 P.2d at 923. We further said that while the rule favors amendments, a trial court would be justified in denying a motion for such reasons as undue delay, bad faith, or a dilatory motive on the part of the movant, to name a few. We further said that a party seeking to overturn a district court’s decision denying leave to amend must demonstrate an abuse of discretion. Lindey’s, 244 Mont. at 242, 797 P.2d at 923.
¶40 Later in the same year, we decided the case of Simmons v. Mountain Bell, 246 Mont. 205, 806 P.2d 6 (1990). In that case, the plaintiff filed an amended complaint with the Montana Human Rights Commission (HRC) after the expiration of the statute of limitations, asserting an additional claim. The HRC denied leave to amend. On appeal, the district court held that Rule 15(c) applied, and that the filing of the amended complaint related back to the time of the filing of the action. On appeal, we affirmed. We agreed with the district court’s conclusion that the HRC had “abused its discretion” when it concluded that barring the amendment did not disadvantage the plaintiff. Simmons, 246 Mont. at 208, 806 P.2d at 7-8.
¶41 Most recently, we-addressed a plaintiffs appeal from a district court’s decision denying leave to amend its complaint to add an additional claim. In Farmers, we again announced the general rule that the decision to grant or deny a motion to amend lies within the discretion of the district court, and that we review such decisions to determine whether the court abused its discretion. Farmers, ¶ 12..In addition, we again cited the multiple justifications a court might have for denying such a motion. We then addressed the specific claims presented by the plaintiff in its original complaint, the prejudice to the opposing party who operated for a year under the presumption that the original allegations were discrete, and the failure of the plaintiff to provide a sufficient reason for the late amendment. We concluded that several concerns expressed by the district court supported its decision to deny leave to amend the complaint. Farmers, ¶ 22.
*76 ¶42 Here, in similar fashion, the hearing examiner evaluated the status of the case as of the time that leave to amend was sought. The examiner concluded that the proposed amendment would change the way the application would be processed, that DEQ did not have prior notice of the proposed revision, and further that the Conservation Groups did not aver that the amended affidavit was based upon newly acquired information that was not available at the time of the initial filing. In other words, the hearing examiner cited the multiple reasons the amendment should, in her discretion, be denied. Upon its review, the District Court concluded that it was evident from the hearing examiner’s order that issues such as delay and prejudice were also considered by her in arriving at her decision. The District Court concluded that the decision by the hearing examiner was not arbitrary or capricious, and that there was no abuse of discretion.
¶43 Thus, contrary to the Court’s assertion that futility was the basis for the hearing examiner’s “implicit reasoning,” I would find, as did the District Court, that the hearing examiner properly took account of several factors in rejecting leave to amend. Our well-reasoned precedent is clear: A court or hearing examiner is privileged to take account of multiple aspects of the case in deciding whether to exercise discretion in favor of or against an amendment. We err here, in my judgment, in jumping past this inquiry to an analysis of whether the facts provable under the amended complaint arose out of the conduct alleged in the original complaint, and in announcing a new standard of review applicable to this analysis. We should first look to whether the denial of the motion for leave to amend was an abuse of the hearing examiner’s or the court’s discretion, given the many factors taken into account by them in the first instance. It is this analysis which the hearing examiner conducted and which the District Court upheld. It is this analysis which invokes the hearing examiner’s discretion, exercised based upon her knowledge of the status of the case and the possible problems attendant to a proposed amendment.
¶44 In sum, I dissent from our revision of the standard of review of Rule 15 decisions, and consequently from the Court’s determination to reverse the decision of the District Court. Had the hearing examiner and the District Court determined the amendment should have been allowed, I would have affirmed this exercise of discretion; similarly, I would conclude that denial of the amendment was likewise within the discretion of the hearing examiner under the facts presented here.
¶45 I therefore dissent.