JUSTICE RICE,
dissenting.
*77 ¶46 I agree with Justice Cotter’s thoughts with regard to the correct standard of review of abuse of discretion. I write separately because, in my view, the request for leave to amend in this case was improper as a matter of law and, thus, granting the request would have constituted an abuse of discretion.
¶47 The governing statute provides that “[a]n affidavit setting forth the grounds for the request must be filed within 30 days ....” Section 75-2-211(10), MCA (2005). The “grounds” set forth in the Conservation Groups’ affidavit pertained only to alleged errors within DEQ’s review of the permit for minor stationary emission sources. The affidavit did not assert that an entirely different permit process should be applied. Thus, because the Conservation Groups failed to set forth this new and different ground within 30 days as required by the statute, they were barred from amending their affidavit to include it. See § 75-2-211(10), MCA.
¶48 Rule 15(c), M. R. Civ. P., fails to save the day because the Legislature has not applied the Rules of Civil Procedure to this particular process, as it has done for other statutory procedures. See e.g. § 49-2-204(2), MCA (“[T]he department shall adopt all applicable portions of the Montana Rules of Civil Procedure ....”). Thus, the Rules of Civil Procedure, as the Court recognizes, can at most provide “guidance.” Opinion, ¶ 20. What the Court fails to acknowledge, however, is that such guidance is only appropriate when the statute at issue does not specifically provide a different procedure. See In re Estate of Spencer, 2002 MT 304, ¶¶ 12-13, 313 Mont. 40, 59 P.3d 1160 (The Rules of Civil Procedure are not to be interjected “into other statutory schemes which provide different procedural requirements.”). Here, § 75-2-211(10), MCA, specifically controls the issue, directing “[a]n affidavit setting forth the grounds for the request must be filed within 30 days.” (Emphasis added.) Because the Conservation Groups failed to set forth their new claim within 30 days, § 75-2-211(10), MCA, requires denial of the amendment as a matter of law.
¶49 The Court rejects this position, insisting that it “conflicts with our reasoning in Simmons v. Mountain Bell, 246 Mont. 205, 207-09, 806 P.2d 6,7-8 (1990)” and that this case is “analogous.” Opinion, ¶¶ 25-26. I disagree. The Court’s reliance on Simmons is misplaced because § 49-2-501, MCA, the statute at issue in Simmons, is critically different than the statute before the Court here. Section 49-2-501, MCA, provided that “a complaint under this chapter must be filed with the commission within 180 days after the alleged unlawful discriminatory practice occurred or was discovered.” The statute thus provided a time *78 deadline only for the filing of a document (i.e. a “complaint”), but provided no deadline or requirement governing the content of the document, as the statute does here. Absent statutory direction, it was entirely appropriate for the Simmons Court to consult Rule 15(c) to determine whether a complainant may add new content which would relate back. However, unlike the statute in Simmons, § 75-2-211(10), MCA, provides a deadline for both the document and restricts the content within that document. (“[T]he grounds for the request must be filed within 30 days ....’’Section 75-2-211(10), MCA (emphasis added).) Allowing an amendment which adds new claims after the 30-day deadline, even from the same transaction or occurrence, contravenes this clear requirement and defeats the Legislature’s intent to require the grounds for a claim to be filed within the stated period.
¶50 Adhering to the statute at issue here and prohibiting amendments raising new claims after the 30-day deadline would not, as the Court states, forbid all amendments. See Opinion, ¶ 28. Of course, prior to expiration of the 30-day deadline, any kind of amendment to the affidavit is permitted, even one setting forth entirely new grounds. See § 75-2-211(10), MCA. After the 30-day deadline, amendments which clarify or support claims timely filed would also be permissible. See § 75-2-211(10), MCA.
¶51 The Court also cites to Rule 12(a), M. R. Civ. P., to support its position, reasoning from this Rule that the deadline for an answer “does not preclude subsequent amendments” to an answer filed in District Court and neither should § 75-2-211(10), MCA. Opinion, ¶ 29. Even though, for the reasons discussed above, the Rules of Civil Procedure do not govern here, Rule 12(a) illustrates precisely why this Dissent is correct. Rule 12(a) provides that “[a] defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant” and thus, like the statute at issue in Simmons, provides only for a filing deadline, and not a requirement as to content or amendment of content. Content is governed instead by Rule 15. Section 75-2-211(10), MCA, clearly operates differently than the Rules of Civil Procedure.
¶52 The Court has reached its decision by looking to other rules, treatises discussing administrative law generally, and cases interpreting different statutes-everything • but the wording of the actual statute at issue. The Court thus fails to enforce the specific requirements within the statute and the Legislature’s desire to conduct a prompt proceeding. By such maneuvering, the Court has failed to heed the admonishment provided by the United States *79 Supreme Court in cases such as this:
Indeed, administrative proceedings should not be a game or a forum to engage in unjustified obstructionism by making cryptic and obscure reference to matters that “ought to be” considered and then, after failing to do . more to bring the matter to the agency’s attention, seeking to have that agency determination vacated on the ground that the agency failed to consider matters “forcibly presented.”
Vermont Yankee Nuclear Power Corp. v. Nat. Resources Def. Council, Inc., 435 U.S. 519, 553-54, 98 S. Ct. 1197, 1217 (1978). Allowing an untimely amendment which raises a new issue not only violates the letter and spirit of the governing statute, but also incubates the kind of “unjustified obstructionism” about which the High Court warned. ¶53 I would affirm the District Court.