DA 10-0480

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 252N

PAMELA JO POLEJEWSKI
and MICHAEL LEE HANSON,

       Plaintiffs and Appellants,

  v.

LINDA METZGER,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV 08-171
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Pamela Jo Polejewski and Michael L. Hanson, self-represented, Libby,
Montana

      For Appellee:

          Robert F. James and Jordan Y. Crosby, Ugrin, Alexander, Zadick &
Higgins, P.C., Great Falls, Montana

Submitted on Briefs:  September 22, 2011

Decided:  October 11, 2011

Filed:

_____
                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pamela Jo Polejewski (Polejewski) and Michael Lee Hanson (Hanson) appeal from several orders of the Eighth Judicial District Court, Cascade County. We affirm.

¶3 This case is but the latest round in the nearly 12 year battle, both in Montana and federal courts, surrounding Polejewski's and Hanson's ownership and treatment of animals. This round began when Polejewski and Hanson filed suit against Linda Metzger[1] (Metzger) for defamation. Polejewski and Hanson alleged Metzger defamed them by calling them "hoarders," a "public nuisance," and by calling Polejewski a "sticky wicket" and stating that Polejewski filed for bankruptcy. Metzger denies defaming both Polejewski and Hanson.

¶4 During the course of the litigation, the District Court made several rulings that Polejewski and Hanson now appeal: (1) denying their motions to compel discovery, (2) denying their motions to amend their complaint, (3) granting summary judgment to Metzger, and (4) granting Metzger's motion for sanctions. We address each in turn.

---

[1] Polejewski and Hanson named several others as defendants as well. Those defendants settled.

## Motions to Compel Discovery

¶5    We review a district court's ruling on discovery matters for an abuse of discretion. *Hawkins v. Harney*, 2003 MT 58, ¶ 32, 314 Mont. 384, 66 P.3d 305.

¶6    Polejewski and Hanson filed a number of motions to compel. However, with these motions they did not identify which discovery items were improperly answered by Metzger. Polejewski and Hanson were given several chances to provide this information. They did not. One week after the hearing, Polejewski faxed the District Court Metzger's responses to Plaintiffs' Third Discovery Request. After reviewing the faxed information, the District Court denied the motions. It found the information Polejewski and Hanson provided showed that Metzger's objections were appropriate, as the requests violated the Rules of Civil Procedure and the District Court's scheduling order, and that Metzger did, in fact, answer numerous requests.

¶7    This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion.

## Motions to Amend

¶8    We review the grant or denial of a motion to amend for an abuse of discretion. *Lindey's Inc. v. Professional Consultants, Inc.*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990).

¶9    Polejewski and Hanson filed several motions for leave to amend their complaint. Metzger did not object to the first motion in July 2009. However, no proposed amended complaint was submitted with the motion. Four other motions to amend were filed on

3

April 20 and 27, and May 3 and 11, 2010, months after the deadline for amending the pleadings and the close of discovery. Again, no proposed amended complaints were submitted with the motions.

¶10 The District Court denied their motions, noting that none of the motions were accompanied by a proposed amended complaint and the last four motions were untimely. It also noted the April 20 motion was "a shopping list of various possible claims for relief" without reference to any "dates and allegations of facts and how they are tied to Metzger."

¶11 While allowing amendments is favored, M. R. Civ. P. 15 does not require amendments to be allowed in all instances. *Lindey's*, 244 Mont. at 242, 797 P.2d at 923. Denial of a motion to amend is justified for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of the amendment, etc." *Lindey's*, 244 Mont. at 242, 797 P.2d at 923.

¶12 This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion.

## Summary Judgment

¶13 We review the grant or denial of summary judgment de novo, using the same M. R. Civ. P. 56 criteria as the district court. *Goettel v. Estate of Ballard*, 2010 MT 140, ¶ 10, 356 Mont. 527, 234 P.3d 99.

4

¶14 Metzger sought summary judgment on the following grounds: (1) the statute of limitations barred the action, (2) the statements were not defamatory, (3) the statements were true, (4) Polejewski is a public figure, and (5) Hanson admitted that Metzger did not make defamatory statements about him.

¶15 The District Court granted Metzger's motion, finding the statute of limitations barred the defamation action, but also that the statements regarding public nuisance and bankruptcy were true, and that the statements "hoarder" and "sticky wicket" were not defamatory and were opinions. The District Court also found that Polejewski and Hanson were "at least semi-public figures" and failed to plead or show the requisite malice.

¶16 Defamation is either libel or slander. Section 27-1-801, MCA. "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Section 27-1-802, MCA. Slander is a false and unprivileged publication other than libel that:

> (1) charges any person with crime or with having been indicted, convicted, or punished for crime;
> (2) imputes in a person the present existence of an infectious, contagious, or loathsome disease;
> (3) tends directly to injure a person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualification in those respects that the office or other occupation peculiarly requires or by imputing something with reference to the person's

5

office, profession, trade, or business that has a natural tendency to lessen its profit;

(4) imputes to a person impotence or want of chastity; or

(5) by natural consequence causes actual damage.

Section 27-1-803, MCA.

¶17 To be actionable, defamatory words must be more than unpleasant, annoying, irksome, or hurtful; they " 'must be of such nature that the court can presume as a matter of law that they will tend to disgrace and degrade [the plaintiff] or cause him to be shunned and avoided.' " *McConkey v. Flathead Electric Cooperative*, 2005 MT 334, ¶ 45, 330 Mont. 48, 125 P.3d 1121 (quoting *Wainman v. Bowler*, 176 Mont. 91, 96, 576 P.2d 268, 271 (1978)). The district court determines, as a matter of law, whether the allegedly defamatory statement, even if it is false, is capable of bearing defamatory meaning. *McConkey*, ¶ 44. Statements of opinion generally do not carry defamatory meaning. *McConkey*, ¶ 49.

¶18 The statute of limitations on a defamation action is 2 years. Section 27-2-204, MCA. Truth is a complete defense to a defamation action. *Citizens First National Bank v. Moe Motor Co.*, 248 Mont. 495, 501, 813 P.2d 400, 404 (1991).

¶19 This issue is legal and is controlled by settled Montana law. After reviewing the record, we conclude there were no genuine issues of material fact and the District Court correctly interpreted the law. As a matter of law, Polejewski's and Hanson's claims were barred by the statute of limitations, and the statements were either true or did not bear a defamatory meaning.

6

**Sanctions**

¶20     We review the imposition of sanctions for discovery abuses for an abuse of discretion. *Peterman v. Herbalife International, Inc.*, 2010 MT 142, ¶ 14, 356 Mont. 542, 234 P.3d 898. We also review the sanctions imposed to "determine if they are roughly proportionate to the gravity of the abuse and the inconvenience visited upon other parties and the district court." *Peterman*, ¶ 23. This Court has a low tolerance for discovery abuses. *Peterman*, ¶ 17.

¶21     Metzger sought dismissal of the suit as a sanction against Polejewski and Hanson for their failure to comply with court orders and the Rules of Civil Procedure, and for abusive behavior during the discovery process. The District Court did not dismiss the case, but awarded monetary sanctions in the amount of $9,828.18. The District Court found Polejewski and Hanson repeatedly violated of the Rules of Civil Procedure and the orders of the District Court, including continuing to file numerous documents in direct violation of its May 11, 2010, order that no more documents be filed until all pending motions were addressed, and filing voluminous and irrelevant documents.

¶22     Polejewski and Hanson were also sanctioned for their "delays and inappropriate behavior." Hanson failed to attend a scheduled deposition. When Polejewski was deposed, she and Hanson exhibited the following behavior: telling Metzger's attorney to "blow it out his ass," calling Metzger's attorneys "disgusting" and "sick," saying Metzger's attorneys are "probably going to chase down our witnesses and kill them or whatever," calling Metzger a "thing," and accusing the attorneys of buying off judges.

7

¶23 In reviewing whether a discovery sanction is an abuse of discretion, we look to (1) whether the consequences imposed by the sanctions relate to the extent and nature of the discovery abuse, (2) the extent of prejudice to the opposing party as a result of the discovery abuse, and (3) whether the district court warned the abusing party of the consequences. *Xu v. McLaughlin Research Institute*, 2005 MT 209, ¶ 26, 328 Mont. 232, 119 P.3d 100.

¶24 This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion. Polejewski and Hanson abused both Metzger and her attorneys during their depositions and the discovery process. Polejewski and Hanson also abused the legal system during the course of this case, and showed little respect for the proceedings *which they initiated*. Even though Polejewski and Hanson are self-represented litigants, they must still adhere to procedural rules, *Xu*, ¶ 23, and basic rules of civility. Abuse of the kind exhibited in this case will not be tolerated. *Peterman*, ¶ 17.

## Conclusion

¶25 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Based upon the foregoing, we affirm on all issues.

/S/ MICHAEL E WHEAT

8

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE