**ROLAND G. MURRELL, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2009-0035

Supreme Court of the Virgin Islands

September 13, 2010

DEBRA S. WATLINGTON, ESQ., Chief Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

MATTHEW PHELAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

**OPINION OF THE COURT**

(September 13, 2010)

HODGE, C.J. Appellant Roland G. Murrell (hereafter "Murrell") requests that this Court reverse the Superior Court's March 11, 2009 Judgment and Commitment on the grounds that the evidence is not sufficient to sustain his convictions for disturbing the peace and that the Superior Court's invocation of 14 V.I.C. § 4 deprived him of his constitutional right to a trial by jury. For the reasons that follow we will

affirm Murrell's convictions, but vacate his sentence and remand the matter to the Superior Court for re-sentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2008, Virgin Islands Police Officers Vivian Newton (hereafter "Newton") and Kisha Monsanto (hereafter "Monsanto") were dispatched to a St. Thomas gas station after receiving a report that an individual matching Murrell's description had caused a disturbance with a weapon. At the gas station, the officers encountered Murrell and his then-girlfriend Sherida Lee (hereafter "Lee"), who they separated after Lee stated that she did not want to go with Murrell. After Murrell exited the gas station and entered his vehicle, the officers observed Murrell's vehicle collide with a parked jeep. The officers, after speaking with Murrell and allegedly detecting the scent of alcohol on his breath, transported him to a police command substation, where he began to argue with the officers, and then brought him to a hospital for treatment for abrasions apparently sustained during the collision. According to the officers, Murrell used foul language throughout this process and, while at the hospital, allegedly stated that he would get his son to kill Officers Newton and Monsanto.

The People initiated criminal proceedings against Murrell on June 2, 2008, and on June 11, 2008 filed an information charging Murrell with two counts of driving under the influence, one count of negligent driving, and three counts of disturbing the peace in violation of title 14, section 622(1) of the Virgin Islands Code. At his June 12, 2008 arraignment, Murrell requested a jury trial on these charges. Over the next six months, the Superior Court held several status conferences and required the parties to submit numerous documents in preparation for a jury trial, including proposed jury instructions. However, on January 21, 2009, the People moved to amend the information to dismiss one of the driving under the influence counts. Moreover, on January 23, 2009 — the date of jury selection — the People moved to amend the information yet again to dismiss the second count of driving under the influence. On the same day, the Superior Court *sua sponte* invoked 14 V.I.C. § 4 and scheduled a bench trial for January 26, 2009.

The Superior Court, after hearing testimony from Officer Newton, Officer Monsanto, Lee, and Murrell, found Murrell guilty on the three charges of disturbing the peace, but not guilty of negligent driving. On

February 27, 2009, the Superior Court orally sentenced Murrell to six months incarceration with 145 days credit for time served and six months of supervised probation, as well as various fines. The Superior Court memorialized its oral sentence in a March 11, 2009 Judgment and Commitment, and on the same day Murrell timely filed his notice of appeal.[1]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). Because the Superior Court's March 11, 2009 Judgment and Commitment constitutes a final judgment, this Court possesses jurisdiction over Murrell's appeal.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel,* 49 V.I. 322, 329 (V.I. 2007). *Francis v. People,* 52 V.I. 381, 397-398 (V.I. 2009). "When appellants challenge the sufficiency of the evidence presented at trial, it is well established that, in a review following conviction, all issues of credibility within the province of the jury must be viewed in the light most favorable to the government." *Latalladi v. People,* 51 V.I. 137, 145 (V.I. 2009) (quoting *United States v. Gonzalez,* 918 F.2d 1129, 1132 (3d Cir. 1990)). "The appellate court 'must affirm the convictions if a rational trier of fact could have found the defendants guilty beyond a reasonable doubt and the convictions are supported by substantial evidence.' " *Id.* (quoting *Gonzalez,* 918 F.2d at 1132). However, "[t]his evidence 'does not need to be inconsistent with every conclusion save that of guilt' in order to sustain the verdict." *Id.* (quoting *United States v. Allard,* 240 F.2d 840, 841 (3d Cir. 1957)). Thus, "[a]n appellant who seeks to overturn a conviction on insufficiency of the evidence grounds bears 'a very heavy burden.' " *Id.* (quoting *United States v. Losada,* 674 F.2d 167, 173 (2d Cir. 1982)).

---

[1] Pursuant to the rules that were in effect at the time of Murrell's conviction, "[i]n a criminal case, a defendant shall file the notice of appeal in the Superior Court within ten days after the entry of . . . the judgment or order appealed from . . . ." V.I.S.CT.R. 5(b)(1).

## B. The Evidence Was Sufficient to Sustain Murrell's Convictions for Disturbing the Peace

As his first issue on appeal, Murrell contends that the evidence introduced at the January 26, 2009 bench trial was insufficient for the Superior Court to find him guilty on all three counts of disturbing the peace. Specifically, Murrell argues (1) that he was in police custody during the events alleged in all three counts; and (2) that his alleged actions were only witnessed by Officers Newton and Monsanto, and thus did not disturb members of the public. (Appellant's Br. at 14-15.) The People, however, argue (1) that all of the disturbing the peace charges against Murrell involved physical contact or "fighting words," and (2) that the charged threats of violence in the last two disturbing the peace charges were made in front of other patients at the hospital. (Appellee's Br. at 21-22.)

██ ██ We agree that the evidence was sufficient to find Murrell guilty on all three disturbing the peace charges.[2] Although "[p]olice officers . . . must be thick skinned and prepared for abuse," *Wainman v. Bowler,* 176 Mont. 91, 576 P.2d 268, 271 (1978) (citations omitted), and thus uttering obscenities at a police officer, in and of itself, cannot form the basis for a disturbing the peace conviction, *Lewis v. City of New Orleans,* 415 U.S. 130, 133, 94 S. Ct. 970, 972, 39 L. Ed. 2d 214 (1974), it is equally well established that "[a] police officer has no greater duty than a civilian has to submit to the threat of a criminal assault." *State v. DeLoreto,* 265 Conn. 145, 827 A.2d 671, 684 (2003) (collecting cases). Accordingly, because spitting on an officer — the act charged in the first count of disturbing the peace — constitutes an actual criminal assault, and Officers Newton and Monsanto both testified at trial that Murrell had spit on Officer Monsanto, (J.A. at 83, 106-07), the evidence was sufficient for the Superior Court to find Murrell guilty on that charge. *See State v. Gaymon,* 96 Conn. App. 244, 899 A.2d 715, 720 (2006) (spitting on officer constitutes a true threat sufficient to sustain conviction for breach of the peace); *see also United States v. Masel,* 563 F.2d 322, 323 (7th Cir. 1977), *cert. denied,* 435 U.S. 927, 98 S. Ct. 1496, 55 L. Ed. 2d 523 (1978) (spitting on senator

---

[2] "Whoever maliciously and willfully . . . disturbs the peace or quiet of any village, town, neighborhood or person, by loud or unusual noise, or by tumultuous offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting . . . shall be fined not more than $100 or imprisoned not more than 90 days, or both." 14 V.I.C. § 622(1).

constitutes assault on member of Congress); *United States v. Frizzi,* 491 F.2d 1231, 1232 (1st Cir. 1974) (spitting on mail carrier constitutes an assault on a federal officer); *Ray v. United States,* 575 A.2d 1196, 1199 (D.C. 1990) (holding spitting on officer is an assault).

■ Moreover, "[i]mminence . . . is not a requirement under the true threats doctrine." *DeLoreto,* 827 A.2d at 682 (citing *Virginia v. Black,* 538 U.S. 343, 360, 123 S. Ct. 1536, 1548, 155 L. Ed. 2d 535 (2003)). Therefore, the fact that Murrell was in custody at the time Officers Newton and Monsanto testified that he told them that he would have his son kill them (2009-0035 J.A. at 58, 108) — the acts charged in the second and third counts of disturbing the peace — did not render Murrell's remarks any less of a true threat, since Murrell's inability to immediately carry out the threat would not have lessened the impact of the threat, but simply made it more difficult for Murrell to carry out that threat. *Id.*; *see also Gaymon,* 899 A.2d at 720 (affirming conviction for breach of peace because defendant's statement to officer that he will "kick [his] fucking ass" was a true threat even though defendant was handcuffed and unable to act on the threat). Consequently, this Court finds that the evidence was sufficient to sustain all three of Murrell's convictions for disturbing the peace.

### C. Murrell Was Not Entitled to a Jury Trial for Disturbing the Peace, and Murrell's Acquittal Moots the Superior Court's Erroneous Invocation of 14 V.I.C. § 4 on the Negligent Driving Charge

Murrell, as his second issue on appeal, contends that he is entitled to a new trial because the Superior Court violated his constitutional right to a jury trial when it *sua sponte* invoked 14 V.I.C. § 4 to hold a bench trial instead of a jury trial. For the reasons that follow, we hold that Murrell was not entitled to a jury trial on the disturbing the peace charges and that the Superior Court's decision acquitting Murrell of negligent driving rendered any error with respect to that charge moot.

■ As this Court held in *Murrell v. People,* S. Ct. Crim. No. 2009-0064, 2010 V.I. Supreme LEXIS 27 (V.I. 2010),[3] Congress, through its 1968 amendments to section 3 of the ROA, has expressly incorporated the

---

[3] This Court, in a June 23, 2010 Order, consolidated both of Murrell's appeals for the sole purpose of oral arguments.

Sixth Amendment of the United States Constitution to the Virgin Islands, including the right to a jury trial.[4] *Murrell,* 2010 V.I. Supreme LEXIS 27, at *13. "It is well established that the Sixth Amendment, like the common law, reserves this jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' " *Lewis v. United States,* 518 U.S. 322, 325, 116 S. Ct. 2163, 2166, 135 L. Ed. 2d 590 (1996) (quoting *Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S. Ct. 1444, 1453, 20 L. Ed. 2d 491 (1968)). As this Court has explained:

> To determine whether an offense is "petty" or "serious," a court must consider "objective indications of the seriousness with which society regards the offense." *Frank v. United States,* 395 U.S. 147, 148, 89 S. Ct. 1503, 1505, 23 L. Ed. 2d 162 (1969). Under this objective test, a court must "place primary emphasis on the maximum prison term authorized" because "[t]his criterion is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity." *Lewis,* 518 U.S. at 326. Significantly, applying the objective test prevents the judiciary from substituting its judgment for that of a legislature, "which is far better equipped" to determine whether an offense is "serious" or "petty." *Id.* (quoting *Blanton v. North Las Vegas,* 489 U.S. 538, 541, 109 S. Ct. 1289, 1292, 103 L. Ed. 2d 550 (1989)). The United States Supreme Court has expressly instructed that "[a]n offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* (citing *Blanton,* 489 U.S. at 543).

*Murrell,* 2010 V.I. Supreme LEXIS 27, at *25. Pursuant to statute, an individual convicted of disturbing the peace "shall be fined not more than $100 or imprisoned not more than 90 days, or both." 14 V.I.C. § 622. Accordingly,

---

[4] *See* The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159 (1995) (preceding V.I. CODE ANN. tit. 1) ("The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to the Territory and shall have the same force and effect there as in the United States or any State of the United States . . . the first to ninth amendments inclusive.").

the Superior Court did not err when it invoked 14 V.I.C. § 4 to hold a bench trial on those charges because Murrell did not possess a Sixth Amendment right to a jury trial with respect to those petty offenses.[5]

██ While the statute codifying the offense of negligent driving does not provide for a maximum or minimum sentence or identify the offense as a felony or a misdemeanor, *see* 20 V.I.C. § 503, the Legislature has instructed that "[w]hen . . . an act or omission is declared by this Code or other law to be a crime or public offense, but without designation thereof as either a felony or a misdemeanor; and . . . no penalty therefor is prescribed by this Code or other law . . . the act or omission is punishable as a misdemeanor," 14 V.I.C. § 3(b), and has further provided that, "[e]xcept in cases where a different punishment is prescribed by law . . . every crime or offense declared to be a misdemeanor is punishable by a fine not exceeding $200 or by imprisonment not exceeding one year, or by both" 14 V.I.C. § 3(a)(2). Accordingly, because 14 V.I.C. § 4 only limits the sentence for a particular defendant and thus has no impact on the maximum authorized penalty for that offense, *Cheatham v. People,* S. Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, *6 (V.I. Mar. 27, 2009), the Superior Court clearly infringed on Murrell's right to a jury trial when it invoked 14 V.I.C. § 4 *sua sponte* to order a bench trial on the serious offense of negligent driving. However, because Murrell was acquitted on the negligent driving charge and cannot be retried for that offense,[6] the Superior Court's error was rendered moot. *See United States v. Moussaoui,* 591 F.3d 263, 302-03 (4th Cir. 2010) ("Moussaoui also argues that the Government's theory of death eligibility, if upheld, would render the FDPA unconstitutional as applied to him. Because the jury did not sentence Moussaoui to death, we need not consider these claims. The jury's rejection of the death penalty means that Moussaoui's claims are now moot . . . or, at the very least, that any error was

---

[5] Although the maximum sentence for all three counts of disturbing the peace, if served consecutively rather than concurrently, exceeds six months, the United States Supreme Court has expressly held that "[w]here the offenses charged are petty, and the deprivation of liberty exceeds six months only as a result of the aggregation of charges, the jury trial right does not apply." *Lewis,* 518 U.S. at 330.

[6] "Under the double jeopardy clause," which is also made applicable to the Virgin Islands pursuant to section 3 of the ROA, "an acquittal in a bench trial is conclusive." *Rivera v. Sheriff of Cook County,* 162 F.3d 486, 488 (7th Cir. 1998) (citing *Finch v. United States,* 433 U.S. 676, 97 S. Ct. 2909, 53 L. Ed. 2d 1048 (1977)).

harmless.") (citing *United States v. Partida,* 385 F.3d 546, 560 n.10 (5th Cir. 2004)). Accordingly, because Murrell was acquitted of the negligent driving charge, the Superior Court's error in *sua sponte* invoking 14 V.I.C. § 4 to hold a bench trial on the negligent driving charge has become moot and cannot form the basis for a new trial on the disturbing the peace charges.

### D. The Superior Court Illegally Sentenced Murrell

■ Finally, we note that the Superior Court's March 11, 2009 Judgment and Commitment imposed, as the sentence for Murrell's three convictions for disturbing the peace, six months of incarceration — none of which was suspended — as well as an additional six months of probation. Although Murrell has not challenged his sentence on appeal, "appellate courts have consistently held that illegal sentences, by their very nature, fulfill the requirements of the plain error test in that they both affect a criminal defendant's substantial rights and 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " *Dunlop v. People,* S. Ct. Crim. No. 2008-0037, 2009 V.I. Supreme LEXIS 41, \*20 (V.I. Sept. 15, 2009) (collecting cases). Consequently, this Court may review the legality of the Superior Court's sentence *sua sponte.*

■ "This Court has consistently characterized a sentence in which the combined period of incarceration and probation exceeds the maximum period of incarceration authorized by law as an illegal split sentence." *Id.* (collecting cases). Thus, "[b]ecause the trial judge invoked title 14, section 4, it could not impose a combined period of incarceration and probation greater than six months." *Cheatham,* 2009 V.I. Supreme LEXIS 22, \*7. Moreover, the Virgin Islands Code provides that one convicted of disturbing the peace "shall be fined not more than $100 or imprisoned not more than 90 days, or both," 14 V.I.C. § 622, meaning that the Superior Court's imposition of a period of incarceration and probation totaling one year would have been illegal even if the Superior Court had not invoked 14 V.I.C. § 4 and chosen to impose consecutive rather than concurrent sentences for each count. Consequently, this Court shall *sua sponte* vacate Murrell's sentence and remand that matter to the Superior Court so that it may impose a lawful sentence.

### III. CONCLUSION

Since the acts of spitting on Officer Monsanto and stating that he would have his son kill Officers Newton and Monsanto constituted true threats,

the evidence was sufficient for the Superior Court to convict Murrell on all three counts of disturbing the peace despite the fact that police officers must be thick skinned and better able to withstand verbal abuse than members of the general public. With respect to Murrell's argument that he was entitled to a jury trial on all counts, the Superior Court did not err when it denied Murrell a jury trial as to the three disturbing the peace counts because those charges constituted "petty" offenses under the Sixth Amendment, but violated Murrell's right to a jury trial when it invoked 14 V.I.C. § 4 to order a bench trial on the negligent driving charge. However, because Murrell was acquitted of the negligent driving charge, the Superior Court's error in *sua sponte* invoking 14 V.I.C. § 4 to hold a bench trial on the negligent driving charge has become moot and cannot form the basis for a new trial as, pursuant to the Double Jeopardy clause, Murrell cannot be retried on that charge. Nevertheless, since the Superior Court illegally sentenced Murrell, this Court shall vacate Murrell's sentence for his three convictions of disturbing the peace and remand that matter to the Superior Court for re-sentencing.