**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**vs.**
**ALEJANDRO D. LIMA, Defendant**

ST-12-CR-086

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 22, 2012

T<small>RESTON</small> E. M<small>OORE</small>, E<small>SQ</small>., Moore, Dodson & Russell, P.C., St. Thomas, USVI, *Attorney for Defendant*.

SIGRID M. TEJO-SPROTTE, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

DUNSTON, *Judge of the Superior Court of the Virgin Islands*

## MEMORANDUM OPINION

(October 22, 2012)

Pending before the Court is Defendant Alejandro Lima's September 17, 2012, Motion for Judgment of Acquittal and September 17, 2012, Motion for New Trial. Defendant's Motions will be denied.[1]

## FACTUAL AND PROCEDURAL HISTORY

In an August 24, 2012, Second Amended Information, the People of the Virgin Islands charged Defendant Alejandro Lima of voluntary manslaughter (Count I) and assault in the third degree (Count II). The charges arose from an incident on February 17, 2012, at the business "GasWorks," in which Defendant Lima punched Gilberto Quinones Parilla in the face, causing his dentures to dislodge and obstruct his windpipe, ultimately resulting in Parilla's death. Trial was held from August 28, 2012, to August 30, 2012, during which, along with other evidence, the People presented the jury with several video surveillance recordings and still photos showing Defendant exchanging words with Parilla near the door of the store and subsequently punching Parilla in the face. The People also produced medical records and expert testimony showing Defendant's cause of death was asphyxiation. The jury returned a verdict of not guilty of voluntary manslaughter, but guilty of assault in the third degree.

## STANDARDS

### I. Motion for Judgment of Acquittal

 In deciding a motion for judgment of acquittal pursuant to FED. R. CRIM. P. 29(c)(2), applicable to the Virgin Islands under SUPER.

---

[1] The People responded on September 21, 2012, and the Defendant replied on October 1, 2012.

CT. R. 7,[2] a court reviews the evidence in the "light most favorable to the [g]overnment" and considers whether, as a matter of law, the evidence presented by the government is sufficient to sustain a conviction.[3] A motion for judgment of acquittal will be denied if, based on the admitted evidence, testimony of the government's witnesses, and the jury instructions, a rational jury could find a defendant guilty beyond a reasonable doubt on all the essential elements of the crime.[4] A verdict can be overturned only where there the record contains "no evidence . . . from which the jury could find guilt beyond a reasonable doubt."[5]

## II. Motion for New Trial

 Under FED. R. CRIM. P. 33(a), a court within its "sound discretion"[6] "may grant a new trial if the interest of justice so requires."[7] The motion may be granted where the Court finds either (1) "the verdict was irrational or that the jury's verdict was against the weight of

---

[2] "The Federal Rule of Criminal Procedure apply to matters before this Court whenever they are not inconsistent with the Superior Court Rules." SUPER. CT. R. 7.

[3] *People v. Brewley*, 49 V.I. 137, 140 (V.I. Sup. Ct. 2007); *Williams v. People*, 56 V.I. 821 (V.I. 2012) (*citing Mendoza v. People*, 55 V.I. 660, 667 (V.I. Sup. Ct. 2001), cert. denied, No. 12-1255, Slip. Op. at 1 (3d Cir. May 4, 2012)). *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ("[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (internal citations omitted).

[4] *Brewley*, 49 V.I. at 140, 142. *See U.S. v. Flores* 454 F.3d 149, 154 (3d Cir. 2006)("[A] court "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury.")

[5] *Brewley*, 49 V.I. at 140 (*quoting U.S. v. Anderson*, 108 F.3d 478, 480 (3d Cir. 1997)). *See also Gov't of the V.I. v. Adams-Tutein*, 47, V.I. 514, 520 (D.V.I. 2005) (*citing U.S. v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992). The Court must decide the motion for judgment of acquittal on the basis of the evidence at the time the court reserved its decision on the motion. FED. R. CRIM. P. 29(b).

[6] *People v. George*, ST-10-CR-680, 2012 V.I. LEXIS 13, at *13 (V.I. April 23, 2012).

[7] *See Brewley*, 49 V.I. at 142 (noting that the Court holds broader discretion when considering a motion for new trial than when considering a motion for judgment of acquittal).

evidence" such that "there has been a miscarriage of justice;"[8] or (2) "there is a reasonable probability that trial error had a substantial influence on the jury verdict."[9] When weighing whether an alleged trial error, such as a faulty jury instruction, has "substantially and adversely impacted"[10] a defendant's right to a fair trial, the Court evaluates the error "in the context of [all] other evidence presented" to the jury.[11] If the alleged error simply constitutes "harmless error," the motion for new trial will be denied.[12]

## ANALYSIS

### I. Sufficient Evidence was Presented for a Rational Jury to Find Defendant Guilty Beyond a Reasonable Doubt.

### A. The people proved all the essential elements of assault in the third degree.

Defendant argues that the People's evidence that Defendant struck the victim with only one punch is insufficient as a matter of law to support a

---

[8] *Id.* at 141 (*citing Gov't of the V.I. v. Commissiong*, 706 F. Supp. 1172, 1184 (D.V.I. 1989)(internal quotations and citations omitted).

[9] *George*, 2012 V.I. LEXIS 13, at *13 (*citing Brewley*).

[10] *Prince v. People*, S. Ct. Crim. No. 2010-0076, 2012 V.I. Supreme LEXIS 69, at *6 (V.I. Sup. Ct. Sept. 13, 2012) ("A jury instruction will generally not be invalidated unless it is shown that the instruction substantially and adversely impacted the constitutional rights of the defendant and impacted the outcome of the trial.")

[11] *Arizona v. Fulminante*, 499 U.S. 279, 308, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991) ("[C]onstitutional error does not automatically require reversal of a conviction, the Court has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless.") *See Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S. Ct. 2088, 60 L. Ed. 2d 640 ("[T]he failure to give a requested instruction on the presumption of innocence . . . must be evaluated in light of the totality of the circumstances-including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors-to determine whether the defendant received a constitutionally fair trial."); *Pope v. Illinois*, 481 U.S. 497, 503, 107 S. Ct. 1918, 95 L. Ed. 2d 439, fn. 6 (1987) ("[It] is not to say that the reviewing court can retrace the jury's deliberative processes but that the facts found by the jury were such that it is clear beyond a reasonable doubt that if the jury had never heard the impermissible instruction its verdict would have been the same.").

[12] *George*, 2012 V.I. LEXIS 13, at *13; *see also Prince*, 2012 V.I. Supreme LEXIS 69, at *6 (noting that appellate review of a jury instruction that failed to state the proper legal standard, and is timely objected to during trial, is reviewed under an abuse of discretion standard); *Carlock v. People of the V.I.*, 54 V.I. 754, 764 (D.V.I. 2010).

conviction of assault in the third degree. Specifically, Defendant argues that the single punch is insufficient to prove that Defendant intended to inflict *serious bodily injury*, which Defendant asserts is the *mens rea* element of the offense.[13]

 Defendant's assertion is incorrect. Under 14 V.I.C. § 297(4), the statutory basis for Count II, a Defendant commits assault in the third degree when he or she "assaults another and inflicts serious bodily injury upon the person assaulted." In other words, in order to prove assault in the third degree under 14 V.I.C. § 297(4), the People must simply prove: "(1) that the defendant made an assault upon the victim, (2) resulting in serious bodily injury."[14] Assault in the third degree under this statutory provision does not, as Defendant contends, require proof of intent to do serious bodily injury, but simply that *serious bodily injury* resulted from a defendant's conduct.[15] Instead, 14 V.I.C. § 297(4) and 14 V.I.C. § 292[16] require only proof of intent to *injure*, which can be manifested by a defendant's conduct.

 Here, the People's video evidence[17] clearly showed that Defendant punched the victim in the face with a single punch, which caused Parilla to fall on the floor and hit his head, rendering him unconscious. The People's expert witness, Medical Examiner Francisco

---

[13] Defendant attempts to compare the Virgin Island's assault in the third degree statute with Pennsylvania's aggravated assault statute. Aggravated assault under Pennsylvania law is not comparable to the Virgin Island's assault in the third degree statute because the statutes are very different. Pennsylvania law's aggravated assault is defined as an "attempt[. . .] to cause serious bodily injury to another . . .". *See Commonwealth of Pennsylvania v. Roche*, 2001 PA Super 249, 783 A.2d 766, 768 (PA Super. Aug. 27, 2001). Further, Pennsylvania law, while persuasive, is not controlling in this jurisdiction. Finally, the plain language of 14 V.I.C. § 297(4) and 14 V.I.C. § 292 make clear the necessary *mens rea* or intent which the People must prove beyond a reasonable doubt to sustain a conviction of assault in the third degree.

[14] *See generally Arismendy v. Gov't of the V.I.*, 2010 U.S. Dist. LEXIS 75512, at *18 (D.V.I. July 26, 2010)(distinguishing a first degree assault from a third degree assault by noting that the former requires "intent to commit one of the crimes enumerated in the statute").

[15] The *mens rea* requirement for assault in the third degree is clearly distinguishable for voluntary manslaughter (of which the defendant was acquitted by the jury), as the latter requires "an intent to kill or an intention to inflict serious bodily injury that would likely cause or result in the victim's death." *Carlock*, 54 V.I. at 760-61.

[16] Under 14 V.I.C. § 292, a person commits an assault and battery whenever they "Use[. . .] any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used . . . ."

[17] People's Exhibit #1.

Landron, M.D., testified that the victim subsequently died from asphyxia due to choking on his dentures as a result of blunt force trauma to his face. While Defendant may not have specifically intended to cause the victim's death or serious bodily injury, even a single punch is sufficient evidence for a rational jury to conclude that the Defendant's conduct was a manifestation of his intent to injure Parilla, particularly considering Defendant, who was a comparatively young, healthy, strong individual, punched Parilla, who was a substantially older, of poorer health, and only slightly built individual, at very close range. Thus, considering all the evidence admitted before the jury in a light most favorable to the People, the Court finds that a rational jury could have found Defendant guilty beyond a reasonable doubt on all the essential elements of assault in the third degree.

### B. The People proved beyond a reasonable doubt that Defendant did not act in self-defense.

Although Defendant's Motion for Judgment of Acquittal does not expressly argue that the People did not meet their burden of proving the absence of self-defense beyond a reasonable doubt, Defendant also argues that "there was no evidence offered by the People to refute that . . . Defendant did not act with lawful violence."[18] In the interest of completeness, the Court will address this argument as well. Under 14 V.I.C. § 293(a)(6) and 14 V.I.C. § 43, a defendant may lawfully act in self-defense, but "the right of self-defense does not extend to the infliction of more harm than is necessary for the purpose of defense."[19] Here, even if the Court takes as true Defendant's testimony that the victim spit in Defendant's face, Parilla did not attempt to strike Defendant or threaten him in any way prior to the punch, and the video clearly shows that Defendant punched the victim directly in the face, felling Parilla with a single knockout blow. There was more than enough evidence for a rational jury to conclude this response was disproportionate and to find the People proved the absence of self-defense beyond a reasonable doubt.

---

[18] Defendant's Reply to the People's Opposition to Defendant's Motion for Judgment of Acquittal and New Trial, October 1, 2012, at 6.
[19] 14 V.I.C. §43.

## II. The Jury Instructions Were Adequate and Not Erroneous.

Defendant argues that the Court should grant him a new trial in the interest of justice because the Court failed to properly instruct the jury. Specifically, Defendant argues that the jury was neither instructed that (1) "intentional spitting on a person constituted an assault and battery . . . [under] V.I. law";[20] and (2) that a necessary element for assault in the third degree was that Defendant's "single punch [was intended] to result in serious bodily injury." Finally, the Defendant also argues that the self-defense instruction was erroneous because the jury was only instructed on self-defense that was consistent with the standard of "homicide instructions" rather than self-defense as it related specifically in response to "an assault."[21]

As previously discussed, Defendant's contention that intent to inflict serious bodily injury is an essential element of assault in the third degree as here charged is incorrect. Thus, the Defendant's contention that the jury instruction on assault in the third degree was erroneous is without merit.[22] The remaining two jury instructions in question will be discussed in turn.

### A. Without any other accompanying threatening gesture, spitting alone does not constitute assault or assault and battery under 14 V.I.C. § 291 or 14 V.I.C. § 292.

Defendant's argument that intentional spitting on a person is an assault and/or assault and battery under Virgin Islands law is misdirected. Unlike some other jurisdictions where an assault is defined to include an

---

[20] Neither the Defendant nor the People provided supporting caselaw in their briefs on whether "intentional spitting" should be considered an assault for the purposes of 14 V.I.C. § 291.

[21] Defendant's Motion for a New Trial, September 17, 2012, at 2-3; Defendant's Reply to the People's Opposition to Defendant's Motion for Judgment of Acquittal and New Trial, October 1, 2012, at 4.

[22] The jury instruction on assault in the third degree stated "In order to prove the offense of assault in the third degree as charged in Count Two, the People must prove each of the following elements beyond a reasonable doubt: (1) One or about February 17, 2012, on St. Thomas, U.S. Virgin Islands (2) Alejandro D. Lima (3) unlawfully assaulted another, Gilberto Quinones Parilla (4) with intent to injure Gilberto Quinones Parilla (5) and inflicted serious bodily injury upon Gilberto Quinones Parilla." Jury Instructions, page 27.

"unlawful"[23] or "offensive touching,"[24] so as to include spitting on another, 14 V.I.C. § 291 is more specific[25] requiring either "(1) [an] attempt[. . .] to commit a battery; or (2) . . . a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery."[26] The plain language of 14 V.I.C. § 291 does not suggest that the legislature contemplated spitting *alone* to be a "threatening gesture [sufficient to] show[ . . . ] in itself an immediate intention . . . to commit a battery." In other words, even though it is clearly insulting, disrespectful, and highly offensive, spitting must be accompanied by some other "threatening gesture" demonstrating an intention coupled with an ability to commit a battery to constitute assault.

 Finally, spitting also does not amount to an assault and battery under 14 V.I.C. § 292, which defines the offense as "unlawful violence upon the person of another with intent to injure him, whatever be the

---

[23] *See, e.g., U.S. v. Masel*, 563 F.2d 322, 323 (7th Cir. 1977) ("An assault is the willful and unlawful touching, however slight, of another person by an aggressor or by a substance put in motion by an aggressor," including spitting on a senator).

[24] *See, e.g., Kravtsov v. Town of Greenburgh*, 2012 U.S. Dist. LEXIS 94819 (S.D.N.Y., July 9, 2012) ("Assault is an 'intentional placing of another person in fear of imminent harmful or offensive contact.' To make out an assault claim, Plaintiff must show that another person made an 'intentional attempt, displayed by violence or threatening gesture, to do injury to, or commit a battery upon' him. Harsh words or verbal threats, standing alone, do not constitute assault.") (internal citations omitted); *See generally* 6 Am. Jur. 2d Assault and Battery § 1.

[25] This case is clearly distinguishable from *Murrell v. People of the Virgin Islands*. There the Supreme Court found spitting on an officer sufficient to uphold a defendant's conviction of disturbance of the peace under 14 V.I.C. § 622. While the Court stated in *dicta* that "spitting on an officer . . . constitutes an actual criminal assault," it engaged in no analysis of the elements of 14 V.I.C. § 291. *Murrell v. People*, 54 V.I. 327, 332 (V.I. Sup. Ct., 2010). In *Murrell*, the Supreme Court relies on four cases, all of which define assault very differently than 14 V.I.C. § 291, and are based on statutes that define assault or assault and battery to include "unlawful" or "offensive touching." *See State v. Gaymon*, 96 Conn. App. 244, 899 A.2d 715, 720 (Conn.Ct.App. 2006) (discussing when mere words are sufficient to support a conviction under a Connecticut breach of the peace statute), *U.S. v. Masel, U.S. v. Frizzi*, 491 F.2d 1231 (1st Cir. 1974), and *Ray v. U.S.*, 575 A.2d 1196, 1199 (D.C. 1990) ("[S]pitting on another person, 'although minor,' is 'highly offensive.' Since it is 'an application of force to the body of the victim,' we hold that it is an assault punishable under D.C.Code")(*citing Frizzi and Masel*). In the absence of a detailed analysis of the Virgin Islands statutory framework, which relies on common law definitions, the Court does not find this *dicta* binding or dispositive.

[26] 14 V.I.C. § 291.

129

means or the degree of violence used."[27] Generally, spitting alone does not physically injure the recipient of the spit, nor does spitting on someone automatically manifest a party's intent to injure that person.[28]

██ While clearly a physical act, spitting is most analogous to "verbal provocation" as defined in 14 V.I.C. § 294, which states that:

> No verbal provocation justifies an assault and battery, but insulting and abusive words may be given in evidence in mitigation of the punishment affixed to the offense.

Spitting in someone's face can be considered similar to insulting or abusive words, but it alone is not sufficient justification to commit an assault. Instead, the Court should consider it as mitigating evidence during sentencing.

### B. The Self-Defense Instruction was Adequate and Incorporated the Defendant's Requested Instructions.

Defendant argues that the self-defense instruction was not adequate because it only incorporated the "defense to a homicide and not one for general response to an assault" under 14 V.I.C. § 43 because "spitting on someone was a battery."[29] Further, Defendant argues that the jury instructions were not "sufficiently clear" in directing that the burden was on the People to prove beyond a reasonable doubt that Defendant did not act in self-defense.[30]

First, the Court has already disposed of Defendant's primary argument in holding that spitting does not constitute an assault and battery under Virgin Islands law. Second, the self-defense instruction was comprehensive, as it stated the following:

> A person is entitled to defend himself against the immediate use of unlawful force, but the right of self-defense is limited and does not

---

[27] 14 V.I.C. § 292

[28] It is conceivable that under certain circumstances the converse could be true. For example, if a person has a contagious disease that can be transmitted through saliva and spits upon another intending to thereby transmit the disease, the requirement of an assault and battery may be satisfied. There is no evidence to support such a conclusion on the facts presented here, however, and defendant did not so argue.

[29] Defendant's Reply to the People's Opposition to Defendant's Motion for Judgment of Acquittal and New Trial, October 1, 2012, at 4, 6.

[30] *Id* at 6.

permit the use of more force or the infliction of more harm than is necessary under the circumstances. To justify an assault on the ground of self-defense, the Defendant must have actually believed, and there must have been reasonable grounds to believe, that at the time the Defendant assaulted the other party the Defendant was in imminent or immediate danger or threat of receiving bodily harm. In determining whether the use of force is justified, you may consider all relevant circumstances, including, but not limited to, the time of day, the location, the visibility conditions, the type of weapon, object or instrument used, and the brandishing of a deadly weapon by the accused. One who reasonably and actually believes he is in imminent danger of death or serious bodily harm is not required to retreat but may stand his ground and use reasonable force under the circumstances. But, if the Defendant could safely have retreated but did not do so, his failure to retreat is a circumstance that you may consider in deciding whether Defendant was justified in using the force he employed. Once the Defendant presents some evidence that he acted in self-defense, the People have the burden of proving the absence of self-defense beyond a reasonable doubt. After considering all the evidence if you are not convinced beyond a reasonable doubt that the Defendant was acting other than in self-defense at the time of an offense, then you must find the Defendant not guilty of that offense.[31]

 Although there was only one self-defense instruction, the instruction given incorporated the provisions of 14 V.I.C. § 43 in the first two sentences of the instruction. Additionally, unlike in *Government of the Virgin Islands v. Isaac*,[32] here the self-defense instruction was accompanied by an additional jury instruction on lawful violence

---

[31] Jury Instructions, page 33.

[32] 50 F.3d 1175, 1181 (3d Cir. 1995) (holding that excusable homicide, justifiable homicide, and lawful resistance are not encompassed in the statutory definition of self-defense, but a Court may refuse to instruct on one if an element of that defense is missing). While *Isaac* does stand for the proposition that the jury should be instructed on each defense, it does not stand for the proposition that each of those defenses must be presented in a separate and distinct jury instruction. *See, e.g., Prince*, 2012 V.I. Supreme LEXIS 69, at *27 ("Where an instruction as given correctly states the law and provides proper guidelines to a jury on a defense for which a basis was revealed from the facts presented at trial, a defendant is not entitled to instruction on other defenses under the Virgin Islands Code that include[sic] defenses that were not advanced at trial, when the initial instructions on the defense were substantially complete in addressing the factual circumstances actually presented at trial.")

131

pursuant to 14 V.I.C. § 293(a)(3), (4), (6),[33] which provided the jury with sufficiently clear instructions on the legal standards governing the Defendant's theory of the case. Further, Lima was also charged with voluntary manslaughter, so it was appropriate for the Court to fashion its self-defense instruction in the context of a homicide. Thus, the self-defense jury instructions were adequate and sufficiently incorporated Defendant's requested instructions.

Finally, Defendant's contention that the jury instructions were not "sufficiently clear" that the burden was on the People to prove that Defendant did not act in self-defense is also without merit. The self-defense instruction clearly states, ". . . the People have the burden of proving the absence of self-defense beyond a reasonable doubt." And "if you are not convinced beyond a reasonable doubt that the Defendant was acting other than in self-defense at the time of an offense, then you must find the Defendant not guilty of that offense."[34]

██ ██ However, assuming, *arguendo*, that the Court erred in instructing on self-defense, which the Court does not concede, any such error was harmless when the instructions are viewed as a whole. While the failure to provide a proper jury instruction may rise to the level of a violation of a defendant's rights under the Due Process Clause of the Fourteenth Amendment, such a failure should be evaluated in relation to the "overall fairness of the trial considered in its entirety."[35] For instance, in *Taylor v. Kentucky*, the United States Supreme Court found a judge's failure to give instructions on a Defendant's presumption of innocence violated his right to a fair trial where the judge also gave rather "spartan" instructions, the prosecutor made improper representations to the jury, and the overall evidence against the Defendant was weak.[36]

In the present case, we have just the opposite. First, the Court gave very clear jury instructions, including accurate and proper assault, assault and battery, lawful violence, excusable homicide, and self-defense

---

[33] Jury Instruction, page 30.

[34] *Id.*, page 33.

[35] *Whorton*, 441 U.S. at 788.

[36] 436 U.S. 478, 486, 98 S. Ct. 1930, 56 L. Ed. 2d 468(1978).

instructions.[37] The jury was also clearly instructed that it was the burden of the People to prove that Defendant did not act in self-defense. Second, the evidence against the Defendant was strong. The People presented the jury with video surveillance that clearly showed Defendant striking a blow that floored Parilla and caused his injury, in the absence of a previous threat from Parilla. Thus, a mere exclusion of jury instruction regarding self-defense in the form requested by Defendant is harmless error because, within the totality of the circumstances, given the weight of evidence against the Defendant and the comprehensive instructions presented before jury, the jury would have reached the same verdict beyond a reasonable doubt even with the inclusion of Defendant's requested jury instruction.

For the foregoing reasons, the Court denies Defendant's Motion for a New Trial because there has been no miscarriage of justice nor is there a reasonable probability that trial error had a substantial influence on the jury verdict.

## CONCLUSION

Accordingly, Defendant's Motion for Judgment of Acquittal and Motion for a New Trial will be denied. An Order consistent with this Opinion shall follow.

---

[37] *See supra* Part II B. *See also Prince*, 2012 V.I. Supreme LEXIS 69, at \*19-20 (*quoting Johnson v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).