

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN SALONEN,

    Plaintiff-Appellant,

v.

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

    Defendant-Appellee.

No. 19-35584

D.C. No. 9:18-cv-00119-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 4, 2020[**]
Portland, Oregon

Before: SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

 Brian Salonen appeals the district court's summary judgment in favor of

Jackson National Life Insurance Co. The district court ruled that the Jackson's

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

letters to Salonen's clients, mistakenly stating that Salonen was no longer available to service their products, did not constitute libel per se. We affirm.

Under Montana state law, a statement constitutes libel per se if it is "of such a nature that the court can presume as a matter of law that [it] will tend to disgrace and degrade [an individual] or cause him to be shunned and avoided." *Wainman v. Bowler*, 576 P.2d 268, 271 (Mont. 1978). Libel "include[s] whatever tends to . . . blacken [an individual's] reputation, or imputes fraud, dishonesty or other moral turpitude, or reflects shame, or tends to put him without the pale of social intercourse." *Manley v. Harer*, 235 P. 757, 759 (Mont. 1925). A statement is not libel per se if it merely tends to annoy or embarrass an individual. *Wainman*, 576 P.2d at 271.

Salonen argues that the letters constitute libel per se because they caused his clients and other members of the community to believe he was terminated for misconduct, and therefore damaged him in his occupation. The letters, however, are capable of non-libelous meanings, including that Salonen and Jackson mutually agreed to end their business relationship. The letters thus did not constitute libel per se. *See id*. at 271 ("The language used must be susceptible of but one meaning, and that an opprobrious one."). The district court therefore correctly granted summary judgment to Jackson.

**AFFIRMED**.